UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X  <u>NOT FOR PUBLICATION</u>
In re:

MICHAEL HOFFMAN, SR.,                                                               Case No.: 08-77119-ast

                                                                                                      Chapter 13
                                                     Debtor.
----------------------------------------------------------------X
MICHAEL HOFFMAN, SR.,
                                                     Plaintiff,
                                                                                                      Adv. Pro. No. 08-8357-ast
                    -against-

IVO BARBARA,
                                                     Defendant.
----------------------------------------------------------------X

**APPEARANCES:**

Fred S. Kantrow, Esq.
The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Michael Hoffman, Sr.
38 New Street
Huntington, NY 11743

Michael J. Siris, Esq.
Attorney for Ivo Barbara
21 Wimbeldon Drive
Roslyn, NY 11576

HON. ALAN S. TRUST, United States Bankruptcy Judge

### **<u>MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT IVO BARBARA'S MOTION TO DISMISS</u>**

Came before this Court by submission the Motion to Dismiss Adversary (the

"Motion") filed on January 14, 2009 by Defendant Ivo Barbara ("Barbara"). [dkt item 6]

By this Motion, Barbara seeks dismissal of this adversary proceeding pursuant to

Bankruptcy Rule 7012 "on the ground that same is patently deficient on its face as a

matter of law," and seeks sanctions pursuant to Bankruptcy Rule 9011(b). An

Memorandum Opinion - p. 1

Affirmation in Opposition was filed by Plaintiff and Debtor, Michael Hoffman, Sr. (the "Plaintiff"). [dkt item 4][1]  After considering the Motion, the opposition thereto, and the arguments of counsel, and for the reasons stated herein, this Court grants the Motion in part and denies it in part.

## Background

The following facts are not in controversy.

This adversary proceeding centers around a lawsuit and dispute concerning the real property commonly known as 20 Flower Lane, Centereach, New York (the "Property").  Plaintiff owns only a partial interest in the Property.

Barbara holds a judgment lien against the Property (the "Judgment Lien").  On December 23, 1997, Barbara obtained a judgment in a state court action (the "State Court Action") against, *inter alia*, Plaintiff, and, on or about January 2, 1998, had indexed that judgment in Suffolk County, New York, thereby creating the Judgment Lien.

Plaintiff filed a voluntary petition pursuant to chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") on December 12, 2008.  A chapter 13 plan has not yet been confirmed in this case.

## Plaintiff's Prior Bankruptcy Case

On or about January 30, 1998, Plaintiff filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code (the "Prior Case"). The Plaintiff received a discharge in the Prior Case.   Also in that Prior Case, Plaintiff scheduled a debt owed to Barbara related to the same Judgment Lien.

---

[1] Apparently, Barbara sent Plaintiff a copy of the Motion to Dismiss before actually filing it with the Court, resulting in Plaintiff opposing the Motion to Dismiss before it was filed.

By Order of the Court in the Prior Case, Barbara was authorized to exercise his remedies under the Judgment Lien by having the Sheriff of Suffolk County execute against the Property, including Plaintiff's interest in the Property (the "Prior Case Order"). The Prior Case Order further provided that the Plaintiff herein was to receive his homestead exemption at the time of the sale.

Ultimately, Defendant did not exercise his rights under the Prior Case Order and proceed with execution against the Property.

### **Renewal of the Judgment Lien**

In January 2008, however, Barbara appeared and commenced an action against Plaintiff in the state supreme court, seeking to extend the ten-year lien period applicable to enforcement of the Judgment Lien.  By decision dated on or about April 25, 2008, the Hon. Arthur Pitts, Justice of the Supreme Court, granted Barbara's motion and thereby extended the ten-year lien period to July 2, 2008.  Barbara subsequently moved for a further extension of time, and, once again, the Supreme Court granted his motion and extended the lien period to January 2, 2009. [dkt item 6]

The Judgment Lien renewal complied with New York law, N.Y.C.P.L.R. 5203(b),[2]

---

[2] Specifically, the statute provides as follows:

> (b) Extension of lien. Upon motion of the judgment creditor, upon notice to the judgment debtor, served personally or by registered or certified mail, return receipt requested, to the last known address of the judgment debtor, the court may order that the lien of a money judgment upon real property be effective after the expiration of ten years from the filing of the judgment-roll, for a period no longer than the time during which the judgment creditor was stayed from enforcing the judgment, or the time necessary to complete advertisement and sale of real property in accordance with section 5236, pursuant to an execution delivered to a sheriff prior to the expiration of ten years from the filing of the judgment-roll. The order shall be effective from the time it is filed with the clerk of the county in which the property is located and an appropriate entry is made upon the docket of the judgment.

N.Y.C.P.L.R. 5203(b) (McKinney 2007).

which provides for the extension of a judgment lien. N.Y.C.P.L.R. 5203(b) (McKinney 2007); *see also Quality Ceramic Tile & Marble Co., Ltd. v. Cherry Valley Ltd. P'ship*, 859 N.Y.S.2d 906, slip op. 50610(U), No. 21616/93, 2008 WL 787241(N.Y. Sup. Ct. Feb. 27, 2008). In his ruling, Justice Pitts specifically referenced the existence of the Prior Case as a basis to extend the duration of the Judgment Lien. [dkt item 6 Ex. C] When Barbara prepared to execute on the Judgment Lien by virtue of a sheriff's sale scheduled for December 16, 2008, however, the filing of the instant chapter 13 petition stayed the sale.

## **Value Fluctuations of the Property**

Plaintiff asserts that, at the time of the filing of his Prior Case, the Property had a value of approximately $85,000.00, of which the Plaintiff had a one-half interest. In addition,he asserts that the property was encumbered by a mortgage in the approximate amount of $15,000.00. The homestead exemption at the time of the Prior Case was $10,000.00. Plaintiff further asserts that the Property has a current value of approximately $310,000.00, of which the Plaintiff has a one-half interest, or approximately $155,000.00. The current homestead exemption is $50,000.00.

## **Plaintiff's Claims**

Plaintiff claims that, because Barbara failed to exercise his rights afforded him by virtue of the Prior Case Order, Barbara has realized a windfall of approximately $82,500.00. Plaintiff also asserts that Barbara's recovery today should be no greater than it would have been if Barbara had exercised his rights and executed against the Property as allowed under the Prior Case Order, and that Barbara "cannot benefit from simply waiting for the appreciation of the property." [dkt item 1]

As for articulated causes of action, Plaintiff states two: (1) under 11 U.S.C. §

506(a)(1), Plaintiff asserts that this Court should value Barbara's Judgment Lien rights such that his "recovery, if any, must be limited to the amount he would have recovered ten years ago" [dkt item 1 ¶ 27], and (2) for unjust enrichment, alleging Barbara "is guilty of delay in failing to exercise upon his judgment and upon the Bankruptcy Court's prior Order," and that this "delay has caused prejudice to the Plaintiff and to the other creditors of the Plaintiff's bankruptcy estate." [dkt item 1 ¶ 29 - 31]

This Court has determined that both of these causes of action are implausible, and, therefore, the motion to dismiss should be granted, and this adversary proceeding should be dismissed.

### The Standard for Analysis of a Rule 12(b)(6) or a Rule 12(c) Motion Is the Same

Barbara seeks dismissal of this adversary, but fails to articulate the procedural basis therefor. This Court therefore considers the Motion as one brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, for failure to state a claim upon which relief can be granted, or, in the alternative, for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

On a Rule 12(b)(6) motion, the Court is to accept as true all factual allegations in the Complaint and draw all inferences in favor of the plaintiff. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). Similarly, on a Rule 12(c) motion, the Court is also to accept as true all factual allegations in the Complaint and draw all inferences in favor of the plaintiff. *Id.* at 521. Thus, the standard for analysis of a Rule 12(c) motion to dismiss is the same as for a Rule 12(b)(6) motion to dismiss. *Id.*

As this Court previously noted in *In re Coletta*, 391 B.R. 691 (Bankr. E.D.N.Y.

2008), the standard for a Rule 12(b)(6) motion that had been routinely recited from the Supreme Court's decision in *Conley v. Gibson*, 355 U.S. 41, 43-44 (1957), including being cited by Plaintiff in his response, has been abrogated. *In re Coletta*, 391 B.R. 691, 693 (Bankr. E.D.N.Y. 2008). The standard is no longer that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 46 (1957). Rather, that "no set of facts" phrase, as the Supreme Court stated in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007)(internal citations omitted); *see also In re Coletta*, 391 B.R. at 694. Or, as stated by Judge Bianco of the Eastern District of New York in *Wendel v. State of New York*, 574 F. Supp.2d 290 (E.D.N.Y. 2008), "[t]he plaintiff must satisfy a flexible 'plausibility' standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Wendel v. State of New York*, 574 F.Supp.2d 290, 295 (E.D.N.Y. 2008)(citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir.2007)(emphasis in original)).

Here, the essence of the Plaintiff's Complaint is that Barbara, by failing to exercise his right to dispossess Plaintiff of any interest in the Property years ago, although under no obligation to do so, unjustly enriched himself to Plaintiff's detriment. That claim is facially implausible and without support under any cause of action or theory of recovery identified by Plaintiff. Moreover, Plaintiff has not satisfied the *Twombly* flexible plausibility standard, which obligates a pleader to amplify a claim with

some factual allegations in those contexts where such amplification is needed to render the claim plausible. *Twombly*, 127 S.Ct. at 1969.

## Plaintiff's Claims Ask This Court to Violate the Rooker-Feldman Doctrine

If this Court were to grant any relief in this adversary, it would also violate the Rooker-Feldman doctrine. As noted by Judge Eisenberg of this Court in *In re Golio*, 393 B.R. 56, 61 (Bankr. E.D.N.Y. 2008):

> The Rooker-Feldman doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment. Such jurisdiction is lacking because within the federal system, only the Supreme Court may review a state court judgment. The validity and enforceability of the Judgments are not for this Court to decide.

*In re Golio*, 393 B.R. 56, 61 (Bankr. E.D.N.Y. 2008)(citing *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir.1998)).

In this case, Justice Pitts specifically decided to renew Barbara's Judgment Lien just before Plaintiff's bankruptcy case was filed. If Plaintiff had a basis to challenge that extension on any theory cognizable under state law, it was incumbent upon Plaintiff to raise those issues before the state court and not seek to collaterally attack the state court's rulings before this Court. As stated, the existence of the Prior Case was noted by Justice Pitts in his decision to extend the duration of the Judgment Lien.

## Plaintiff's Section 506(a) Argument Is Misplaced

Plaintiff's Section 506(a) argument is misplaced. Plaintiff correctly states that Section 506(a)(1) provides that a lien claim "is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property" and that "[s]uch value shall be determine in light of the purpose or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's rights."

Memorandum Opinion - p. 7

11 U.S.C. § 506(a).  However, Plaintiff seeks to establish a value in this case based on an asserted value arising from the Prior Case, or from some other point of time that precedes the petition date in this case.  The relief Plaintiff seeks is as follows: "The Defendant's recovery, if any, must be limited to the amount he would have recovered ten years ago." [dkt item 1 ¶ 27]  Plaintiff cites *In re Aubain,* 296 B.R. 624, 636 (Bankr. E.D.N.Y. 2003) as authority for this Court to strip down the Judgment Lien to a value other than the value as of the petition date of this bankruptcy case.  Plaintiff is correct that, in *Aubain*, the Court noted that "the valuation date depends first, on the purposes of the valuation, and second, on the equities involved." *Id.* at 636.  However, the context of the discussion in *Aubain* was which date commencing with the petition date forward should be used for valuation.  There is no suggestion in *Aubain* or the other cases cited by Plaintiff that this Court could or should randomly pick a date that precedes the petition date by up to ten (10) years.

Similarly, Plaintiff's position is not supported by *In re McDonald*, 205 F.3d 606 (3d Cir. 2000).  In *McDonald*, the Third Circuit was discussing which post-petition date should be used to value an undersecured or wholly unsecured mortgage under Section 1322(b)(2).  Again, *McDonald* does not support the proposition advanced by Plaintiff.

Having found no applicable legal precedent cited by Plaintiff for its claim under Section 506(a), this Court declines to so extend Section 506(a).

### **This Court Will Not Impose Sanctions Under Rule 9011**

This Court will not impose sanctions under Rule 9011 as requested by Barbara in the Motion.  Regarding Rule 9011, Judge Stong of this Court has noted that it "imposes a duty on attorneys and unrepresented parties to certify by their signature that any 'petition, pleading, written motion or other paper' filed with the court is not being

presented 'for any improper purpose,' and is supported by existing law or a nonfrivolous argument for a change in the law." *In re Ambotiene*, 316 B.R. 25, 34 (Bankr. E.D.N.Y. 2004)(citing FED. R. BANKR. P. 9011(b)). Moreover,

> Like its counterpart Fed. R. Civ. P. 11, Bankruptcy Rule 9011 serves the purpose of assuring courts and litigants that motions, pleadings, and other written submissions signed by an attorney bear the attorney's certification that he or she has acted in a manner that is objectively professional and reasonable under the circumstances.

*Id.*(internal citations omitted).

This Court is concerned about the basis for Plaintiff's claims as asserted in this adversary proceeding. However, Rule 9011(c) also sets out a specific procedure to be followed by a party who seeks sanctions:

> (c) Sanctions
> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
>
> (1) How initiated
> (A) By motion
>
> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).

FED. R. BANKR. P. 9011(c).

As correctly noted by Plaintiff, Barbara has failed to comply with Rule 9011(c) in two respects: he has failed to file a separate motion seeking sanctions; and, based on the pleadings before this Court, he failed to provide the predicate twenty-one day notice

under Rule 9011(c)(1)(A). Because Barbara has failed to comply with Rule 9011(c), it would be improper for this Court to award sanctions, even if sanctions were an appropriate remedy. *In re Baumblit* 251 B.R. 442, 443 (E.D.N.Y. 2000)( "Because Mr. Baumblit failed to comply with the separate notice provisions of Rule 9011, it was an abuse of discretion for the bankruptcy court to impose sanctions."), *aff'd on other grounds*, *In re Baumblit* , 15 Fed. Appx. 30, Nos. 00-5064, 00-5062, 00-5058, 2001 WL 880872 (2d Cir 2001).

Finally, although Rule 9011(c)(1)(B) does authorize this Court to impose sanctions on its own initiative,[3] this Court declines to exercise that discretion.

## Conclusion

For the reasons stated herein, the Motion should be granted in part and denied in part. Judgment will be entered in favor of Barbara dismissing all of Plaintiff's claims, but denying sanctions. A separate judgment hereon will issue.

Dated: Central Islip, New York
       February 9, 2009

>                          */s/ Alan S. Trust*
>                          ALAN S. TRUST
>                          UNITED STATES BANKRUPTCY JUDGE

---

[3] The rule provides, "On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto." FED. R. BANKR. P. 9011(c)(1)(B).